IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRIS HAYES                                                  PLAINTIFF

v.                         Civil No. 4:25-cv-04068-SOH-MEF

CONWAY; DANA HAYNES;
and MINORS                                           DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Chris Hayes, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

**I.   BACKGROUND**

Plaintiff initially filed his Complaint and Application to proceed *in forma pauperis* ("IFP") in the Eastern District of Arkansas on July 16, 2025. (ECF Nos. 1-2). The Eastern District transferred the Complaint to this Court on August 18, 2025. (ECF No. 4). Plaintiff indicated he was incarcerated in the Southwest Arkansas Community Corrections Center ("SWACC"), in Texarkana, Arkansas, when he filed his Complaint. (ECF No. 2, p. 3).

The Court granted Plaintiff IFP status on August 21, 2025. (ECF No. 8). In this Order, the Court specifically advised Plaintiff:

> Plaintiff shall submit a change of address on a separate piece of paper entitled Notice to the Court of Change of Address and not include any motions or otherwise request relief in this document. ... Failure to inform the Court of an address change shall result in the dismissal of this action.

*Id.* This Order was mailed to Plaintiff's address of record at SWACC, but it was returned as undeliverable mail on September 5, 2025. (ECF No. 10).

Plaintiff was provided thirty (30) days after the returned mail was received to inform the Court of his new address, but he has failed to do so. The Court has not received any communications from Plaintiff since his case was transferred here from the Eastern District on August 18, 2025, and the Court does not have a current address for Plaintiff.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the

2

district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

As evidenced by the docket, Plaintiff has failed to comply with the Court's Order to keep his address updated and he has failed to prosecute this matter. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders and to keep the Court informed of his current address.

### III. CONCLUSION

For the reasons discussed above, and pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is RECOMMENDED that Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 4th day of November 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE